<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KIRKER ENTERPRISES, INC.,** | **Civil Action No. 11-3195 (WJM)** |
| Plaintiff, | |
| v. | |
| **GENOSCO (d/b/a KLEANCOLOR),** | **OPINION** |
| Defendant. | |

**<u>FALK, U.S.M.J.</u>**

      Before the Court is Defendant Genosco's motion to transfer venue to the Central District of California pursuant to 28 U.S.C. § 1404(a). <u>See</u> CM/ECF No. 35. The motion is opposed. The Honorable William J. Martini, U.S.D.J., referred the motion to the Undersigned. No oral argument was heard. Fed.R.Civ.P. 78(b). For the reasons that follow, Defendant's motion to transfer is **granted**.

<u>BACKGROUND</u>

      On June 2, 2011, Plaintiff Kirker Enterprises ("Plaintiff"), a New Jersey corporation, brought this action against Defendant Genosco ("Defendant") for infringing two of its patents – numbers 5,935,590 (the '590 patent) and 6,139,822 (the '822 patent) (collectively the "patents"). <u>See</u> CM/ECF Nos. 1, 14. The patents cover the methods and compositions for a kind of nail polish, commonly described as "crackle," which forms decorative random cracks after its application to nails and upon the drying of the applied nail polish layer. <u>See</u> CM/ECF No. 20 at 1.

Defendant Genosco ("Defendant") is a California corporation with its principal place of business in Buena Park, California. Defendant sells crackle nail polish under its brand "KleanColor" and advertises it as "Crack" nail polish. Defendant denies infringement and claims the patents are invalid and/or unenforceable. See CM/ECF No.15. Defendant asserts that it extensively advertises and markets its "Crack" nail polish in California, and its sales there total about $70,000. See CM/ECF No. 16-1 at 1. Comparatively, Defendant claims it has sold its "Crack" nail polish only once in New Jersey to one customer for a sale totaling $750. Id.

Defendant seeks to transfer this action to the Central District of California, arguing California is the most appropriate and convenient forum.

## DISCUSSION

### A.  Transfer Pursuant to § 1404(a)

28 U.S.C. § 1404(a) provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The purpose of section 1404(a) "is to prevent the waste of 'time, energy and money' and to 'protect litigants, witnesses and the public against unnecessary inconvenience and expenses. . . .'" Ricoh Co., Ltd. v. Honeywell, Inc., 817 F.Supp. 473, 479 (D.N.J. 1993) (quoting Van Dusen v. Barrack, 376 U.S. 612, 616 (1964)). The Court is "vested with a large discretion" when deciding whether to transfer a case. Solomon v. Continental Am. Life Ins. Co., 472 F.2d 1043, 1045 (3d Cir. 1973).

The moving party bears the burden of establishing (1) that the proposed transferee forum is one in which the case "might have been brought" and (2) that in the interest of justice the proposed transferee forum is more convenient for parties and witnesses. See CIBC World Mkts., Inc. v.

Deutsche Bank Sec., Inc., 309 F.Supp.2d 637, 643 (D.N.J. 2004) (citing Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995)).

**B.     Adequate Transferee Forum**

The transfer statute limits the ability to transfer to a district or division where the case "might have been brought." 28 U.S.C. § 1404(a). Another district is proper if that district would be a proper venue for the action and that forum is capable of asserting subject matter jurisdiction over the claim and personal jurisdiction over the defendants. See Yang v. Odom, 409 F.Supp.2d 599, 604 (D.N.J. 2006). This case could have been brought in the Central District of California. Defendant is a California corporation with its principal place of business there, and thus personal jurisdiction is not an issue. Likewise, subject matter jurisdiction would clearly exist since this is a patent action.

**C.     Convenience and Justice Factors**

"There is no definitive formula or list of the factors to consider when deciding a motion to transfer." Landmark Fin. Corp. v. Fresenus Med. Care Holdings, Inc., No. 09-3689, 2010 WL 715454, at *2 (D.N.J. Mar. 1, 2010). However, the Third Circuit has articulated certain "public" and "private" interests implicated by § 1404(a). The private interests include: (1) the plaintiff's preferred forum as expressed by the original forum choice; (2) the defendant's preference; (3) where the claim arose; (4) the convenience of the parties; (5) the convenience and availability of witnesses; and (6) the location of books and records. See Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995).

The public interests include: (1) enforceability of the Court's judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the level of congestion in the respective forums; (4) the local interest in deciding local controversies at home; (5) the public

3

policies of the forum; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. Id. These factors are not exhaustive, as "a transfer analysis under Section 1404 is a flexible and individualized analysis which must be made on the unique facts presented in each case." Lawrence v. Xerox Corp., 56 F.Supp.2d 442, 450 (D.N.J. 1999).

### 1.   Private Interests

#### (i)   Choice of Forum

In a section 1404(a) analysis, plaintiff's choice of forum receives some deference, particularly when choosing its home forum. See Sandvik, Inc. v. Continental Ins. Co., 724 F.Supp.303, 307-308 (D.N.J. 1989). However, a plaintiff's forum selection is not dispositive, and courts often transfer cases when the other interests of convenience and justice weigh in favor of the proposed transferee forum. Id. See also American Tel. & Tel. Co. v. MCI Communications Corp., 736 F.Supp.1294, 1306 (D.N.J. 1990).

#### (ii)   Where the Claim Arose – The Hub of the Activity

Generally, in a patent infringement action, the claim "arises" where the "development, testing, research and production" of the alleged infringing activity occurred "as well as where marketing decisions are made . . . ." Refined Recommendation Corp. v. Netflix, Inc., No. 07-4981, 2008 WL 474106, at *4 (D.N.J. Feb. 15, 2008) (citing Ricoh Co., Ltd. v. Honeywell, Inc., 817 F.Supp.473, 482 n.17 (D.N.J. 1993)). These factors deserve more consideration than where "limited sales activity has occurred." Id. In this case, most of that activity occurred in California.

Defendant's small company has 22 employees all located in California. See CM/ECF No. 16-2 at ¶ 10. The operations of the company are based out of California, including product development, marketing and sales. See CM/ECF No. 16-2 at ¶¶ 9, 11. Defendant's documents and

records are located in California. Id. at ¶ 13. Thus, it is reasonable to conclude that the essence of the claim arose in California. In fact, it appears Defendant's only relationship with New Jersey is that Defendant once sold a relatively small amount of its "Crack" nail polish to one New Jersey purchaser. As noted, the location of isolated sales activity is not dispositive in a patent transfer analysis. Even if it was an important consideration, Defendant's sales in California are about 100 times greater than its one New Jersey sale. Id. at ¶ 6. See Ricoh, supra at 482 (stating it is disingenuous of Plaintiff to argue that sufficient ties existed in New Jersey where Defendant only sold one of its products in New Jersey and all other activities occurred elsewhere).

### (iii) Convenience of the Parties

Defendant persuasively argues that litigating in New Jersey will impose a significant burden on its business. Defendant asserts that it is a small business, employing only 22 California residents, and since many of those employees will likely be crucial witnesses, a trial in California will reduce interference with its business and is far more convenient. See CM/ECF No. 16-1 at 6. Plaintiff does not effectively argue that it cannot proceed in California or that it will be burdened by doing so.

### (iv) Witnesses[1] and the Availability of Compulsory Process

The convenience of witnesses is an important consideration in the transfer analysis. See Teleconference Sys. v. Proctor & Gamble Pharm., Inc., 676 F. Supp. 2d 321, 331 (D. Del. 2009).

---

[1] Location of Sources of Proof – Neither party has established that documents will be unavailable in either forum. Plaintiff argues that its documents which will be subject to discovery include older documents, some more than ten years old, which are located primarily in New Jersey. Plaintiff does not claim that its documents could not be produced in California, but instead, scrutinizes the quantity of Defendant's documents, which it claims cannot be as voluminous. Accordingly, the location of sources of proof will not affect this Court's balancing of interests. See Lester v. Gene Express, Inc., No. 09-403, 2009 WL 3757155, at *6 (D.N.J. Nov. 10, 2009).

"When considering a motion to transfer, the [Third] Circuit distinguishes between party and non-party witnesses." Liggett Group Inc. v. R.J. Reynolds Tobacco Co., 102 F.Supp.2d 518 (D.N.J. 2000) (citing Jumara, 55 F.3d at 879). Party witnesses carry less weight because they are presumed to be willing to testify in either forum, even if inconvenient. Id. at 534 n. 19. On the other hand, non-party witnesses may be compelled to attend only by the subpoena power of federal courts. See Fed.R.Civ.P. 45(b)(2). The availability of compulsory process to compel the attendance of non-party witnesses has been referred to as the most important transfer factor. Teleconference Sys., 676 F.Supp.3d at 331.

Defendants have identified a number of party witnesses expected to testify, all of whom reside in California, and have important roles in Defendant's business operations. Plaintiff identifies the inventors of the '822 patent, stating that one resides in New Jersey and the other in New York, both of whom are employees of Plaintiff.[2] See CM/ECF No. 22.

With regard to third-party witnesses, Plaintiff only identifies one third-party who would not be subject to compulsory process in California–the owner/manager of the one New Jersey store that allegedly purchased "Crack" nail polish from Defendant. See CM/ECF No. 20 at 13. By comparison, Defendant identifies at least six third-party witnesses who will be witnesses. See CM/ECF No. 16-2

---

[2] Plaintiff also identifies as potential witnesses the attorney involved in the application leading to the '822 patent, Stephen Goldman, Esq., and the attorney involved in the '590 patent (who is unidentified). Mr. Goldman resides in New Jersey, and the '590 patent attorney resides in Florida. These arguments have little bearing on the transfer analysis. Mr. Goldman presently represents Plaintiff in this matter, and thus, his location is not a proper consideration. See Solomon v. Cont'l Am. Life Ins. Co., 472 F.2d 1043, 1047 (3d Cir. 1973) (stating convenience of counsel is not a consideration as to proper venue). Similarly, the '590 patent attorney will have to travel to either forum, the only difference being the length of the flight.

at ¶ 8. These six witnesses are located in California and are beyond the compulsory process in New Jersey. On balance, this factor weighs in favor of transfer to California.

### 2. Public Factors

Neither party makes a strong argument about the public factors. In fact, most of the public factors are not even addressed in the briefing. Therefore, the Court will not address the factors in detail. To the extent that Plaintiff argues that New Jersey has a local interest in the controversy, the Court disagrees. "Patent infringement lawsuits are matters of national concern that are not 'local controversies,' nor do they implicate the public policies of any one forum." COA Network, Inc. v. J2 Global Communications, Inc., No. 09-6505, 2010 WL 2539692, at *5 (D.N.J. June 17, 2010) (citing Schering Corp. v. Amgen Inc., 969 F.Supp.258, 269 (D.Del. 1997)).

### D. Summary

Defendant has demonstrated that California is the most appropriate and convenient forum. Obviously each party would find it more convenient to litigate in its home state, and that is the reason for Plaintiff's forum choice. However, Plaintiff's forum choice cannot defeat transfer when the majority of factors favor the transferee forum. See LG Elecs. Inc. v. First Int'l Computer, Inc., 138 F.Supp.2d 574, 590 (D.N.J.2001) (noting that "[w]hen the central facts of the lawsuit occur outside of the forum state, a plaintiff's selection of that forum is entitled to less deference").

This case has barely any connection to New Jersey. The allegedly infringing product was developed, marketed, extensively advertised, and sold in California. On the contrary, there was only one, almost de minimis, sale to one customer in New Jersey. Also, Defendant has shown the majority of non-party witnesses are in California and not subject to compulsory process in New Jersey.

## CONCLUSION

For the reasons stated above, Defendant's motion to transfer is **granted**. An appropriate Order accompanies this Opinion. The Clerk's Office shall take no action on transfer of this case for 14 days. See L.Civ.R. 72.1(c)(1)(C).


**Dated:        November 29, 2011**



                                        s/ Mark Falk
                                        **MARK FALK**
                                        **United States Magistrate Judge**